(158 App. Div. 293.)

PEOPLE v. JACOBS.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

1. CRIMINAL LAW (§ 369*)—EVIDENCE—OTHER OFFENSES.

On a trial for burglary and grand larceny, evidence of other thefts in no way connected with the crimes charged was inadmissible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. § 369.*]

2. CRIMINAL LAW (§ 370*)—EVIDENCE—OTHER OFFENSES.

On a trial for burglary, grand larceny, and receiving stolen goods, evidence of other thefts at different times and places and from different persons was not admissible under the count for receiving stolen goods, where there was no proof that the property was stolen by the same thief or brought to the same receiver.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 825–829; Dec. Dig. § 370.*]

3. INDICTMENT AND INFORMATION (§ 144*)—DISMISSAL OF COUNT—EVIDENCE ADMISSIBLE ONLY ON COUNT DISMISSED.

Where, on a trial for burglary, grand larceny, and receiving stolen goods, a verdict of guilty of all the charges was returned, whereon on the court directed the amendment of the verdict by omitting the finding as to receiving stolen goods, thereby in effect dismissing that count, it was error to permit to remain in the case evidence which was relevant only on that count.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 488; Dec. Dig. § 144.*]

4. CRIMINAL LAW (§ 424*)—EVIDENCE—DECLARATION OF CO-CONSPIRATOR.

On a trial for burglary and grand larceny, if the evidence had been sufficient to show a conspiracy between accused and another, evidence that, when detectives called at a room where accused, the alleged co-conspirator, and others were, the co-conspirator told one of the other persons to "get that stuff out of the way; I think the bulls are wise; we made a bum job of it," would not have been incompetent as being

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

subsequent to the ending of the common enterprise; it appearing that the stolen goods were held for further disposition.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1002–1010; Dec. Dig. § 424.*]

5. CRIMINAL LAW (§ 407*)—EVIDENCE—DECLARATIONS OF THIRD PERSON NOT REPLIED TO.

On a trial for burglary and grand larceny, evidence that, when detectives called at a room where accused and others were, one of the others, between whom and accused there was no sufficient proof of any conspiracy, told a third person to "get that stuff out of the way; I think the bulls are wise; we made a bum job of it," was not admissible, on the principle that accused was silent when he should have spoken, when it did not plainly appear that he heard the words or comprehended them, since this character of proof is dangerous, receivable with great caution, and inadmissible unless the statements testified to naturally call for contradiction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 898–902, 949, 968, 970, 971; Dec. Dig. § 407.*]

6. CRIMINAL LAW (§ 1169*)—APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.

On a trial for burglary and grand larceny, where the evidence was entirely circumstantial, and chiefly confined to the possession of the stolen property, the erroneous admission of evidence of other offenses and of incriminatory statements of a third person was not harmless.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 754, 3088, 3130, 3137–3143; Dec. Dig. § 1169.*]

Appeal from Kings County Court.

Morris Jacobs, alias Jacob Morris, was convicted of burglary in the third degree and grand larceny in the first degree as a second offense, and he appeals. Reversed, and new trial ordered.

See, also, 143 N. Y. Supp. 1135.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

Robert H. Roy, of Brooklyn, for appellant.

Edward A. Freshman, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, and Harry G. Anderson, Asst. Dist. Atty., of New York City, on the brief), for the People.

JENKS, P. J. The defendant, his brother, H. Jacobs, and Skelsky were indicted for burglary in the third degree, grand larceny in the first degree as a second offense, and for receiving stolen goods. Separate trials were demanded, and the defendant was tried first. He appeals from a judgment of conviction of the first two crimes named.

[1, 2] The indictment charges commission of these crimes on October 31, 1912, that the burglary was committed upon the premises of H. Gruskin, and his was the property taken and received. Several witnesses were permitted to testify that certain goods not specified in the indictment, and in no way connected with the crimes charged therein, had been stolen from them at different times, and that their respective places had been burglarized. Such evidence was not admissible upon the counts for burglary or grand larceny. People

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Sekeson, 111 App. Div. 490, 97 N. Y. Supp. 917; People v. Molineux, 168 N. Y. 305, 61 N. E. 286, 62 L. R. A. 193. The rule is well expressed by Brooks, J., writing for the Court of Criminal Appeals of Texas, in Hunt v. State, 60 S. W. 965, that evidence of a separate burglary is not admissible when it "has no connection with, dependence upon, or does not illustrate the offense on trial." It is but just to the trial court to say that its sole theory of admissibility as stated in its charge was "the purpose of showing to you whether the accused here upon trial had guilty knowledge of the act," and it will be remembered that the defendant was then upon trial for the crime of receiving stolen goods, as well as for the other crimes. But I think the learned court, in admitting this proof upon the charge of receiving, fell into error, inasmuch as there was no proof that the property was taken by the same thief and brought to the same receiver. People v. Doty, 175 N. Y. 164, 67 N. E. 303.

[3] The jury returned its verdict as "guilty of all the charges, burglary in the third degree, grand larceny in the first degree, and receiving stolen goods," whereupon the court said:

"Mr. Foreman, I think I will permit you to omit the last. We will just take the burglary and the grand larceny. As amended, that is your verdict. all of you?

"The Foreman: Yes, sir.

"The Court: As a second offender?

"The Foreman: Yes, sir."

And the verdict was recorded in accord. In effect, the court dismissed the count for receiving stolen goods, and therefore in no event should evidence which, if admissible at all, was relevant only upon that count, have been permitted to remain in the case.

[4] Two detectives of the police force went to the abode of the defendant at 7:45 p. m. H. Jacobs, his brother, opened the door to them. The appellant, who was found in bed, explained his position by statement that he was suffering from a recent stab wound. Skelsky and two women were found in that room at this time. One of these detectives was allowed to testify that H. Jacobs said to one of the women:

"For God's sake, get that stuff out of the way, and the fur coat. I think the bulls are wise. We made a bum job of it."

The witness testifies that when he heard the remark he was two feet away from the defendant. It does not appear that the defendant said anything. The three men were taken away by the detectives, who returned for a search that revealed various garments, including a fur coat, which was owned by the prosecuting witness, and which was specified in the indictment. It seems to be conceded that these words meant that the police had some knowledge pointing to the particulars of the crime, and that the speaker and at least another had not covered their tracks. I think that there was not sufficient proof of any conspiracy to make the testimony competent upon the theory of a declaration of a co-conspirator; but, if there had been such proof, the testimony was not incompetent upon the ground urged by the learned

counsel for the appellant, in that it was subsequent to the ending of the common enterprise, provided that it appeared that the stolen goods were held for further disposition. People v. Storrs, 207 N. Y. 147, 100 N. E. 730, and cases cited.

[5] I have grave doubts whether the proof made this testimony evidence against the defendant upon the principle that he was shown to be silent when he should have spoken. Proof of this character is not receivable as evidence of the truth of the accusation, but to show that it called for reply, and hence the acquiescence of the accused if he made none. People v. Kennedy, 164 N. Y. 456, 58 N. E. 652; People v. Koerner, 154 N. Y. 355, 48 N. E. 730; Wharton's Criminal Ev. (16th Ed., Hilton) §§ 679, 680. It does not plainly appear that the defendant heard the words, or comprehended them, or that they involved his conduct, or that they were of a character which would naturally call for a reply from him; and, moreover, it appears that they were addressed, not to him, but to a third person. See Wharton, supra, § 680, citing inter alia Kelley v. People, 55 N. Y. 565–571, 14 Am. Rep. 342; People v. Koerner, supra. This kind of proof is characterized as most dangerous, receivable with great caution, and inadmissible, unless the statements testified to naturally call for contradiction. People v. Cascone, 185 N. Y. 329, 78 N. E. 287. It may well be that this testimony may be made competent evidence upon a new trial, but upon the present record I think that it was inadmissible.

[6] The learned assistant district attorney contends that the court should disregard any errors, inasmuch as the proof of guilt is cogent and uncontradicted. But I think that we cannot conclude that the errors were not harmful in this case. Of course, if competent evidence pointed distinctly to the guilt of the defendant, if he had been caught red-handed, mere errors in the admission of evidence might be disregarded; but, as the learned court said to the jury, the evidence was "all circumstantial," and it was chiefly confined to the possession of the stolen property.

The judgment of the County Court must be reversed, and a new trial is ordered. All concur.